## Case No. 17,897.

### WINTERMUTE v. SMITH.

[1 Bond, 210.] [1]

Circuit Court, S. D. Ohio.   Oct. Term, 1858.

DEPUTY MARSHAL—FAILURE TO RETURN APPOINT-
MENT — RIGHT TO FEES — SUIT
AGAINST MARSHAL.

1. Where a deputy marshal was regularly appointed by a marshal, and duly sworn as deputy, but no return of such appointment was made by the marshal to the district judge, such omission did not affect the legality of the service of subpenas made by such deputy, nor deprive him of the right to his fees.

2. A deputy marshal is not entitled to charge for service or mileage for himself as a witness.

3. Though the service is rendered by the deputy marshal, the fees legally belong to the marshal, and his receipt for them operates as a discharge from liability for such service.

4. A deputy marshal's remedy for compensation is against the marshal for whom he performed the services.

[Action by Alfred Wintermute, assignee, against Daniel Smith.]

G. M. Lee, for plaintiff.
Thomas Ewing, Jr., for defendant.

LEAVITT, District Judge. The writs in this case were returned as served by Samuel Dolph, deputy marshal, and the fees for mileage and service by the deputy indorsed on the writs. The clerk has taxed these costs thus charged by the deputy marshal for mileage and service. In this case, judgment has been entered against the plaintiff for costs. The plaintiff now moves to have the taxation corrected by striking out the fees charged by Dolph, as deputy marshal, including traveling fees for services. It appears that, prior to last October term, there had been an agreement between Wintermute, as counsel for the plaintiff, and Ewing, as counsel for the defendants, that the subpenas should be served without the intervention of an officer, the service to be acknowledged by the witnesses. This arrangement was made to save costs to the parties.

Prior to the service of the writs, Wintermute wrote to one Anderson, at Newark, inclosing the subpenas, and referring to the arrangement with Ewing, but saying he would not trust to that, and directing that they should be served by Dolph, who he says was a regular deputy marshal. Dolph served the subpenas, and made return as before stated. Several of the persons served say they acknowledged service of the subpenas, but no such acknowledgment appears on the writs. Dolph swears in his affidavit that he served the writs. The question is, whether, under these circumstances, Dolph is entitled to his fees. It is alleged that he was not a deputy. It is proved that he was regularly appointed by

the late marshal, and duly sworn as a deputy; but no return was made by the marshal to the district judge of the appointment of Dolph as a deputy. This omission, if he was duly appointed and sworn, would not affect the legality of the service of the subpenas so as to deprive the deputy of the right to fees. He is not, however, entitled to charge for service or mileage for himself as a witness, and the fees so charged must be stricken out. It seems there has been a full settlement of the marshal's fees by the plaintiff in all these cases, who holds receipts for the payment of them, embracing a release from all further liability to the marshal for his fees. There can be no doubt the fees belong legally to the marshal, and he controls them, though the service is rendered by a deputy. All writs are directed to the marshal, and he is supposed to serve them, and the writs are returned by the marshal as served by deputy.

The marshal's receipt must operate as a discharge of the plaintiff, so far as the marshal's fees are concerned, and I do not see how they can be collected by the plaintiff. But still there is no ground for an order to retax the costs, as they do not appear to have been illegally taxed. I suppose, however, the clerk would be justified in making an entry in such case, that the marshal's fees for the service in question had been satisfied. The marshal's receipt would be sufficient authority for this. Dolph's remedy for compensation for his services is against the marshal for whom he performed the services. The court can not, therefore, make a formal order for the retaxation of these costs. This seems not to be necessary, according to the views of the court, as before intimated.

Motion overruled.